# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---x

MARY ANN SMITH,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.

---x

Index No.
Date Purchased:

**SUMMONS**

Plaintiff designates Orange County as the place of trial.

The basis of venue is: the County in which Plaintiff's resides. Plaintiff resides at
6 Westbrook Road
Newburgh, NY 12550

To the above-named Defendant:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
December 23, 2024

GREENBERG LAW P.C.

By: Joseph P. DePaola
Attorneys for Plaintiff
370 Lexington Avenue Suite 1100
New York, New York 10017
(212) 972-5656
joe@greenberglawpc.com

**DEFENDANT'S ADDRESS:**

TARGET CORPORATION –
Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---x

MARY ANN SMITH,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.
---x

Index No.
Date Purchased:

**VERIFIED COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, by her attorneys, Greenberg Law P.C., complaining of the Defendant, respectfully alleges, upon information and belief:

1. At all times hereinafter mentioned, plaintiff was and still is a resident of the County of Orange, State of New York.

2. At all times herein mentioned defendant TARGET CORPORATION was and still is a foreign corporation organized and existing under the laws of the State of Minnesota.

3. At all times hereinafter mentioned defendant TARGET CORPORATION was a foreign corporation duly licensed and authorized to do business in the State of New York.

4. At all times hereinafter mentioned defendant TARGET CORPORATION conducted and carried on business in the State of New York.

5. At all times hereinafter mentioned defendant TARGET CORPORATION transacted business within the State of New York.

6. At all times hereinafter mentioned defendant TARGET CORPORATION conducted business within the State of New York under the name "TARGET STORES".

7. At all times hereinafter mentioned, Defendant owned a store located at 50 Route 17K, Newburgh, New York.

8. At all times hereinafter mentioned Defendant, Defendant's agents, servants, agents and/or employees operated the aforesaid store.

9. At all times hereinafter mentioned Defendant, Defendant's servants, agents and/or employees maintained the aforesaid store.

10. At all times hereinafter mentioned Defendant, Defendant's servants, agents and/or employees managed the aforesaid store.

11. At all times hereinafter mentioned, Defendant, Defendant's servants, agents and/or employees controlled the aforesaid store.

12. At all times hereinafter mentioned Defendant, Defendant's servants, agents and/or employees supervised the aforesaid store.

13. At all times hereinafter mentioned, Defendant invited the general public into its store to, among others, purchase goods and general merchandise from the Defendant.

14. At all times hereinafter mentioned, it was the duty of the Defendant, Defendant's servants, agents and/or employees to maintain said store in a reasonably safe and suitable condition for the safety of the patrons and other persons lawfully upon the same.

15. That on November 7, 2024, at approximately 4:00PM, Plaintiff was lawfully walking in an aisle of the aforesaid store.

16. November 7, 2024, at approximately 4:00PM, while Plaintiff was lawfully walking in an aisle of the aforesaid store, she was caused to slip and fall on a wet, slippery, unsafe, dangerous and defective condition thereat.

17. That at the aforesaid time and place, Plaintiff fell as a result of a dangerous, wet, slippery, defective and unsafe condition that existed within the aforesaid store for an unreasonable

length of time and was known or in the exercise of reasonable care should have been known to Defendant, their agents, servants and/or employees.

18. As a result of the aforesaid contact plaintiff sustained severe and permanent injuries.

19. The aforesaid occurrence and resultant injuries to Plaintiff were caused by the negligence and carelessness of the Defendant, Defendant's agent(s), servant(s) and/or employee(s) in the ownership, operation, management, maintenance, control and repair of the aforesaid store without any contributory negligence on the part of the Plaintiff.

20. Solely as a result of the negligence of the Defendant, Defendant's agent(s), servant(s) and/or employee(s), Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was caused to be rendered sick, sore, lame and disabled and subject to great physical pain and mental anguish.

21. By reason of the foregoing, the Plaintiff was severely injured and damaged, rendered sick, sore, lame, and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and the Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; the Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and the Plaintiff will be unable to pursue the Plaintiff's usual duties with the same degree of efficiency as prior to this accident, all to her damage.

22. By reason of the foregoing, Plaintiff demands judgment against and money damages from the Defendant.

23. The amount of damages sought by Plaintiff exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial, together with the costs and disbursement of this action.

Dated: New York, New York
December 23, 2024

GREENBERG LAW P.C.
By:

[signature]

Joseph P. DePaola
Attorneys for Plaintiff
370 Lexington Avenue Suite 1100
New York, NY 10017
Tel. No. 212) 972-5656
joe@greenberglawpc.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------x

MARY ANN SMITH,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.
-----------------------------------------------------------x

**ATTORNEY'S VERIFICATION**

JOSEPH DePAOLA, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney with GREENBERG LAW P.C., attorneys of record for Plaintiff in the action within.

I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief and, as to those matters, I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not by Plaintiff is that Plaintiff is not in the County of New York wherein our office is located.

Dated: New York, New York
December 23, 2024

Joseph P. DePaola